UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cr-00007-SEB-VTW-01 |
| | ) | |
| RYAN L. HARDIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT AND SUPPRESS EVIDENCE**

On October 11, 2017, the Grand Jury returned a Second Superseding Indictment charging defendant Ryan L. Hardin ("Hardin") with three counts of drug and firearms crimes. [Dkt. 60] (charging violations of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) ("Count 1"); 18 U.S.C. § 924(c)(1) ("Count 2"); 18 U.S.C. § 922(g)(1) ("Count 3")). Before the Court is Hardin's *Trombetta-Youngblood* motion seeking dismissal of the indictment for the government's failure to preserve certain evidence, and, in the alternative, to suppress evidence. For the reasons set out below, Hardin's motion is denied.

**Background**

The government alleges that, in January 2017, an undercover Jeffersonville, Indiana, police detective bought methamphetamine from Hardin and an accomplice, Sara Allen ("Allen"). Hardin and the detective got into an argument about the weight of methamphetamine purchased and Hardin punched the detective in the face. As waiting

Jeffersonville police officers moved to arrest Hardin, the officers observed Hardin throw something under a nearby car. Hardin and Allen were both arrested. From under the nearby car, the officers recovered a handgun, which, as Hardin's motion alleges and the government agrees, at least one of the officers handled without wearing gloves.

Hardin's motion alleges, and the government again agrees, that while Allen was in the booking area of the local county jail following her arrest, a jail officer persuaded her to turn over a small bag of narcotics, which the jail officer then flushed down a drain. It is not clear whether the bag contained methamphetamine, heroin (which the detective believed Allen to be in possession of), or another substance.

For the police officers' failure to handle the recovered handgun in such a way as to preserve any fingerprint evidence on its surface, and for the jail officer's destruction of the bag of narcotics turned over by Allen, Hardin now seeks dismissal of the indictment on due process grounds. Dkt. 77 ("Motion to Dismiss—Loss of Evidence").

## Analysis

Under the Supreme Court's decisions in *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), two in the long line of cases following the decision in *Brady v. Maryland*, 373 U.S. 83 (1963), an accused establishes a denial of due process by the government's failure to preserve "potentially useful evidence," *Illinois v. Fisher*, 540 U.S. 544, 545 (2004), and is entitled to dismissal of the indictment against him, *see United States v. Watts*, 29 F.3d 287, 290 (7th Cir. 1994), if the accused shows "that the government acted in bad faith, that the exculpatory nature of

the evidence was apparent, and that the evidence could not be obtained elsewhere." *Tabb v. Christianson*, 855 F.3d 757, 768 (7th Cir. 2017).

"Whatever duty the Constitution imposes on [the government] to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense." *Trombetta*, 467 U.S. at 488. In other words, the evidence must be material to the defense. *See id.* at n.8, 489. Here, we cannot perceive such materiality either in terms of its exculpatory or impeachment value in the evidence whose destruction is alleged to be a denial of due process.

As to the recovered handgun, neither Hardin nor the government is able to state to what degree, if any, its ungloved handling destroyed or failed to preserve material evidence. *See* Def.'s Mot. Dismiss (Dkt. 77), p. 2 (asserting handgun has been "contaminated to a degree"); Gov't's Resp. Br. Opp. (Dkt. 79), p. 4 ("The level of contamination . . . is unknown."). Hardin contends that handling the gun "prevented any fingerprint analysis" from being conducted on it, Def.'s Mot. Dismiss (Dkt. 77), p. 2, but he does not explain how this is so. The only exculpatory value in fingerprinting the gun lies in showing the absence of Hardin's fingerprints on it. Hardin has not explained, and we cannot perceive, how the gun's handling destroyed the possibility of showing such absence.[1]

As to the bag of narcotics, we are similarly unable to see any exculpatory value to Hardin in Allen's possession of contraband. We agree with the government that "the

---

[1] As the government notes, neither party has even attempted to have the gun fingerprinted. Gov't's Resp. Br. Opp. (Dkt. 79), p. 4.

evidence is not conceivably exculpatory" and that Hardin has presented "no argument that it is." Gov't's Resp. Br. Opp. (Dkt. 79), p. 3.

Moreover, a state or local law enforcement officer's bad faith, if any, is not to be automatically imputed to a federal prosecution. *United States v. Aldaco*, 201 F.3d 979, 984 (7th Cir. 2000). On this score, Hardin faults the "government's failure to monitor its agents" as "a failure which is tantamount to bad faith[.]" Def.'s Mot. Dismiss (Dkt. 77), p. 6. But local police officers are not agents of the federal government, *see, e.g., Arizona v. United States*, 567 U.S. 387 (2012) (holding that, for this reason, local police officers cannot enforce federal immigration law), and the federal government has no duty to supervise local police officers. Without showing some connection between the state's failure to preserve evidence and the federal prosecution, *see Aldaco*, 201 F.3d at 984, Hardin cannot show the *federal government's* bad faith in the state's failure to preserve potentially useful evidence. Even if the local police officers' actions were imputed to federal law enforcement officials under the facts of this case, we find no basis for a bad-faith determination.

In the alternative, Hardin asks us to suppress the testimony of witnesses at trial. Hardin never identifies a legal basis for suppression, nor whose testimony as to which matters he believes warrants suppression. Lacking any notion of what we are asked to do and why we are asked to do it, we must deny Hardin's alternative motion to suppress.

## Conclusion

For the reasons stated above, Hardin's motion to dismiss the indictment and to suppress testimony is DENIED.

IT IS SO ORDERED.

Date: 10/26/2017

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE - EV
pamela.domash@usdoj.gov

Ryan L. Hardin
c/o 320 Shaw Station Road
Leitchfield, KY 42754

Jonathan M. Hodge
BARBER BANASZYNSKI & HIATT, PSC
hodge@bbalaw.com

Todd Stanton Shellenbarger
UNITED STATES ATTORNEY'S OFFICE (Evansville)
Todd.Shellenbarger@usdoj.gov